# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SHELBY HOOD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:24-cv-00690 |
| LIPSCOMB UNIVERSITY, | ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT LIPSCOMB UNIVERSITY

Comes now Defendant, Lipscomb University in the above-captioned matter and respectfully submits its Answer to the complaint. In response to the enumerated paragraphs of the Complaint, Defendant states as follows:

1. Defendant is without information to admit or deny the current residency of Plaintiff. Defendant admits Plaintiff was a student at the university. Defendant denies that Plaintiff was an employee of Defendant in any respect.

2. Admitted. However, Defendant denies it was an employer of the Plaintiff.

### JURISDICTION AND VENUE

3. Defendant admits the court has jurisdiction over the allegations of this lawsuit pursuant to Title IX of the Education Amendments of 1972. Defendant denies it has in any way violated the provisions of Title IX.

4. Defendant is without information to admit or deny the allegations of this paragraph as Defendant does not know the current citizenship of Plaintiff.

5. Defendant admits that venue is proper as to the allegations of the Complaint.

6. Defendant admits that at all times relevant to this Complaint Dr. Justin Briggs was a Tenured Associate Professor in Defendant's Marriage and Family Therapy Program ("MFT") and Clinical Director of the Lipscomb Family Therapy Center ("LFTC") and was an employee of the university. Defendant is without information to admit or deny the remaining allegations of this paragraph.

7. Defendant denies that Plaintiff was its employee. The remaining allegations of this paragraph are admitted.

8. Denied.

9. Defendant admits that patients of the LFTC were charged an extremely modest rate for counseling services. Defendant denies the remaining averments of this paragraph.

10. Defendant admits that therapy sessions conducted at the LFTC as part of Plaintiff's graduate student education were under the auspices of her assigned supervisor/faculty member for licensing and accreditation purposes. Defendant denies that it controlled the student therapy sessions which were set by the student according to the student's schedule and self-directed pursuant to the student's professional judgment of the needs of the client.

11. Defendant admits that plaintiff was required to conduct 300 direct client hours of therapy sessions to complete her degree requirements. Defendant denies that Plaintiff received class credit for these services.

12. Denied.

13. Denied.

14. Defendant denies that Dr. Briggs had engaged in "past harassments" and denies that Plaintiff experienced a "hostile environment." The remaining averments of this

paragraph are therefore denied.

15. Denied.

16. Denied.

17. Defendant is without information to admit or deny the factual accuracy of this allegation.

18. Defendant admits that on or about June 6, 2023 Plaintiff and Dr. Briggs had a voluntary discussion initiated by the Plaintiff regarding her treatment of clients who had suffered sexual trauma and how she might manager her own response to client trauma given her past experiences. Defendant denies the remaining allegations of this paragraph.

19. Denied as stated.

20. Defendant is without information to determine the precise "comments" referred to in this paragraph. Defendant admits that Plaintiff discussed an interaction with Dr. Briggs with Dr. Meghan Lacks on or about June 16, 2023 and that Dr. Lacks informed Dr. Kelley of the Plaintiff's comments. Defendant denies that Plaintiff's June 16, 2023 comments to Dr. Lacks included all the allegations regarding Dr. Briggs set forth in paragraphs 8-19 of the Complaint.

21. Defendant is without information to admit or deny what Plaintiff was told about Dr. Briggs' alleged "inappropriate comments towards female students" and denies that Dr. Lacks or Dr. Kelly were aware of comments by Dr. Briggs that would rise to the level of harassment as alleged in the Complaint (see e.g. paragraphs 14-15 of the complaint). Defendant is without information to admit or deny what behavior Plaintiff contends was "continuing" as alleged in this paragraph or what "ongoing sexually offensive behavior" Plaintiff claims to have been subjected to. Dr. Briggs is a licensed marriage and family therapist and American Association for Marriage and Family Therapy Clinical Fellow

who taught the MFT's Sexuality, Couple, and Sex Therapy class. His June 6 comments were made in response to inquiries from Plaintiff about her counseling of sexually traumatized patients in light of her own prior history as a survivor of such trauma. Defendant denies that Dr. Briggs' comments were severe, pervasive, or objectively offensive in the context of his response to Plaintiff's inquiry.

22. Admitted.

23. Denied.

24. Defendant admits that after a fulsome investigation of Plaintiff's claims, an attorney serving as the Title IX hearing officer and employed by Institutional Compliance Solutions, a third-party organization that provides legal services to universities, found Plaintiff's Title IX complaint was not supported by a preponderance of the evidence. The remaining averments of this paragraph are denied. Defendant pleads the terms of the hearing officer's Notice of Determination and the third-party investigator's Investigation Report speak for themselves.

25. Denied.

26. Defendant admits that there was not a finding of responsibility against Dr. Briggs in regards to Plaintiff's Title IX complaint and, consequently, no sanctions were imposed. The remaining averments of this paragraph are denied.

27. Denied.

28. Defendant admits that Plaintiff was placed on a Clinical Practice Improvement plan on or about January 22, 2024. The remaining averments of this paragraph are denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## CAUSES OF ACTION

### COUNT I

34. Denied.

35. Denied.

### COUNT II

36. Denied.

37. Denied.

### COUNT III

38. Denied.

39. Denied.

### COUNT IV

40. Denied.

41. Denied.

### DAMAGES

42. Denied.

43. Denied.

## PRAYERS FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in the section of the complaint entitled Prayers for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove.

A. The complaint fails to state a claim under Title IX or the THRA upon which relief can be granted.

B. Plaintiff fails to plead specific facts supporting a plausible inference that Defendant was deliberately indifferent to any known harassment by Dr. Justin Briggs.

C. Defendant maintained a robust policy of addressing and investigating allegations of sexual misconduct of which Plaintiff unreasonably failed to adequately avail herself.

D. Defendant did not abuse its discretion in administering its policies or act with deliberate indifference to reports of sexual harassment of which it had knowledge.

E. Defendant complied with its Title IX policy, entitling Defendant to a safe harbor defense.

F. There was no heightened risk of sexual harassment that was known or obvious to Defendant in a context subject to Defendant's control.

G. Plaintiff has not suffered harassment or other unwelcome conduct that is so severe, pervasive, and objectively offensive that it can be said to have deprived her of equal access to the Defendant's educational programs or activities.

H. Defendant's response to Plaintiff's Title IX complaint was thoroughly investigated and resolved by a third-party organization based upon a lawful, justified, and good faith determination of the evidence of misconduct or lack thereof.

I. Defendant took prompt effective remedial measures to prevent any deprivation of Plaintiff's equal access to the Defendant's educational programs and activities.

J. Plaintiff's claims under the THRA are not actionable because Plaintiff was not an employee of Defendant, and even if she was, the challenged employment practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to sex and consistent with business judgment and necessity.

K. Any injuries suffered by Plaintiff were caused by her own conduct and/or consent to the conduct set forth in the Complaint.

L. Plaintiff's claims for damages under the THRA are capped. Punitive damages are not recoverable under the facts alleged and compensatory damages are statutorily limited.

M. Plaintiff's claims for damages under the THRA may be limited by the after acquired evidence doctrine.

N. Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged act(s) of misconduct were such that Defendant did not proximately cause or contribute in any manner to Plaintiff's alleged injuries or damages, and Defendant may not be held liable for any such alleged injuries or damages.

O. Plaintiff has failed to mitigate her damages.

P. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, laches, waiver, judicial estoppel and/or the doctrine of unclean hands.

Q. To the extent Plaintiff has not exhausted administrative remedies prerequisite to bringing

7

Case 3:24-cv-00690   Document 12   Filed 07/22/24   Page 7 of 10 PageID #: 37

suit on all the allegations of her Complaint or her allegations are deficient to the extent they exceed the scope of any required charge, Plaintiff's claims are waived and/or barred.

R. To the extent Plaintiff relies upon Department of Education regulations interpreting issues or claims upon which Title IX is either silent or ambiguous, the Court must exercise its independent judgment of the statutory provisions at issue without unnecessary deference to such agency regulations.

S. No punitive damages can be recovered under Title IX and therefore to the extent plaintiff requests such punitive damages the complaint fails to state a claim upon which relief can be granted.

T. Emotional distress damages cannot be recovered under Title IX and therefore to the extent plaintiff requests such damages the complaint fails to state a claim upon which relief can be granted.

U. Any allegations of the Complaint which are not specifically admitted above are hereby denied.

V. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

## COUNTERCLAIM

1. Plaintiff enrolled in two classes for the 2024 Spring Semester consisting of Treating Addiction in Families for 3.0 credits and Supervised Clinical Practice III for 3.0 Credits. Tuition for these classes was due and payable in full by December

1, 2023.

2. On January 23, 2024, Plaintiff voluntarily withdrew from the university without paying any of the $2,886.00 tuition due for these two classes. Her failure to timely pay her tuition is a breach of her contract with Defendant.

3. Students such as Plaintiff who fail to pay their tuition are responsible for interest of 1.5% per month for past due accounts, as well as collection fees and reasonable attorney fees.

**WHEREFORE**, Defendant requests judgment against the Plaintiff in the amount of $2,886.00 plus interest, costs, and its reasonable attorney fees.

Respectfully submitted,

/s/ Timothy A. Palmer
Timothy A. Palmer, PAL #009
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Truist Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615-254-1900
Facsimile: 615-254-1908

*Attorneys for Defendant LIPSCOMB UNIVERSITY*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of July, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Stephen Crofford #12039
Mary Parker # 6016
PARKER & CROFFORD
5115 Maryland Way
Brentwood, TN 37027
Tel.: 615-244-2445
Fax: 615-255-6037
stephencrofford@msn.com
mparker@parker-crofford.com

*Attorneys for Plaintiff*

/s/ Timothy A. Palmer